IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHERLON EVANS                        *
           Petitioner,
     v.                                      *          Civil No. CCB-16-4022

UNITED STATES OF AMERICA        *
           Respondent.
                                        ***

## MEMORANDUM

Now pending is the petition of Sherlon Evans ("Evans" or "petitioner") for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (§ 2241 Petition, ECF No. 1). Evans, who is incarcerated in Maryland, claims he is "actually innocent" of his conviction under 21 U.S.C. § 841(a)(1). For the reasons that follow, the court will dismiss the § 2241 petition without prejudice.

## BACKGROUND

After a jury trial held in the Southern District of Florida on November 4, 1994, Evans was convicted of conspiracy to possess with intent to distribute cocaine, use of firearms in the commission of a felony, possession of unregistered firearms, and intimidation of witnesses and jurors in violation of 21 U.S.C. § 841, 18 U.S.C. § 924, 26 U.S.C. § 5861, and 18 U.S.C. § 1512. *See United States v. Evans*, Criminal No. DTKH-93-0123 (S.D. Fla.). Judgment was entered in June 1995, and Evans was sentenced to a total of 684 months in the U.S. Bureau of Prisons. *Id*. at ECF No. 316. On September 2, 1999, the United States Court of Appeals for the Eleventh Circuit affirmed the criminal judgment. *See United States v. Evans*, 194 F.3d 1322 (11th Cir. 1999).[1]

On September 26, 2001, Evans filed a 28 U.S.C. § 2255 motion to vacate in the Southern

---

[1] On March 11, 2015, Evans's motion to reduce sentence under 18 U.S.C. § 3582 was granted, and his sentence was reduced to 595 months. *See United States v. Evans*, Criminal No. DTKH-93-0123 (S.D. Fla.) at ECF No. 511.

District of Florida. *See Evans v. United States*, Civil No. DTKH-01-4002 (S.D. Fla.). He raised an ineffective assistance of counsel claim premised on his appellate counsel's failure to attack the trial court's failure to give a jury instruction on the *Pinkerton*[2] theory of co-conspirator liability as to his co-defendant's possession of a machine gun. He further challenged his cocaine conviction on the ground that the indictment failed to allege the amount of cocaine involved in the offense. *Id.* at ECF No. 3. The motion was fully briefed, and was denied on the merits by the district court on May 16, 2002. *Id*. at ECF No. 24. The Eleventh Circuit affirmed the district court's denial of the § 2255 motion on January 29, 2004. *Id*. at ECF No. 38; *United States v. Evans*, 92 Fed. App'x. 780 (11th Cir. 2004).

In 2005, Evans was confined in the United States Penitentiary at Leavenworth, Kansas. On July 11, 2005, he filed a 28 U.S.C. § 2241 petition in the U.S. District Court for the District of Kansas pursuant to the "savings clause" of 28 U.S.C. §2255(e).[3] *See Evans v. Gallegos*, Civil No. RDR-05-3304 (D. Kan.). He claimed the evidence was insufficient to support his thirty-year sentence for a co-defendant's carrying of a machine gun given the Supreme Court's ruling in *Castillo v. United States*, 530 U.S. 120 (2000), and the Tenth Circuit's decision in *United States v. Wiseman*, 297 F.3d 975 (10th Cir. 2002). On June 16, 2006, the district court dismissed the petition for lack of jurisdiction. *See Evans v. Gallegos*, Civil No. RDR-05-3304 (D. Kan.) at ECF No. 6.

On April 7, 2014, Evans filed another 28 U.S.C. § 2241 petition challenging his conviction

---

[2] *See Pinkerton v. United States*, 328 U.S. 640 (1946).
[3] 28 U.S.C. § 2255(e) provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

and sentence and requesting relief under the "savings clause" of § 2255(e) in the Middle District of Pennsylvania. *See Evans v. Stewart*, Civil No. YK-LQ-14-642 (M.D. Pa.). On April 23, 2014, the case was transferred to the U.S. District Court for the District of Maryland by U.S. District Court Judge Yvette Kane in light of Evans's confinement at the Federal Correctional Institution in Cumberland, Maryland. The case was received for filing on April 29, 2014, and instituted as *Evans v. Stewart*, Civil No. CCB-14-1430 (D. Md.). Evans's petition attacked his 18 U.S.C. § 924 conviction and sentence on the basis of the government and federal courts' "ambiguous interpretation" of § 924's application to the machine gun carried by his co-defendant. He claimed that he was not charged with the offense and that the government failed to prove his *mens rea* as to his co-defendant's machine gun. *Evans v. Stewart*, Civil No. CCB-14-1430 (D. Md.) at ECF No. 1. In addition, he claimed the Bureau of Alcohol, Tobacco and Firearms violated the Equal Protection Clause and subjected him to entrapment. *Id*.

On May 7, 2014, this court dismissed the petition without prejudice and declined to issue a certificate of appealability. In doing so, the court noted that the primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a § 2241 petition may be used to attack the manner in which a sentence is executed. The court observed that a § 2241 petition that challenges a federal conviction and sentence, such as Evans's filing, may be properly construed to be a § 2255 motion. The court dismissed the petition after concluding that 1) Evans "provided no evidence" that he had secured authorization from the Eleventh Circuit to file a successive § 2255 petition, and 2) Evans may not rely on the "savings clause" of § 2255 in order to seek relief under § 2241. CCB-14-1430 (D. Md.) at ECF Nos. 7 & 8.

On March 28, 2016, Evans filed another § 2241 petition in the U.S. District Court for the

District of Maryland. He claimed he was "actually innocent of conviction on sentence" in light of the January 27, 2014, Supreme Court decision in *Burrage v. United States*, 134 S. Ct. 881 (2014). *See Evans v. Stewart*, Civil No. CCB-16-928 (D. Md.) at ECF No. 1. The case was dismissed without prejudice on April 6, 2016, after the court concluded that Evans may not rely on the "savings clause" of § 2255(e) and had provided no evidence that he had secured authorization from the Eleventh Circuit to file a successive § 2255 petition. *Id.* at ECF No. 2; *Evans v. United States*, 2016 WL 1377365 (D. Md. Apr. 6, 2016). On June 24, 2016, Evans filed a second § 2255 motion in the Southern District of Florida. *See Evans v. United States*, Civil No. DTKH-16-22769 (S.D. Fla.). That motion was dismissed as successive and unauthorized on June 29, 2016. *Id.* at ECF No. 5.

This lengthy procedural history now brings us to the present case and motion. On December 15, 2016, Evans filed another § 2241 petition in this court. In this latest § 2241 petition, he claims he is "actually innocent" of the drug conviction under § 841(a)(1) in light of the Supreme Court's ruling in *McFadden v. United States*, 135 S. Ct. 2298 (2015). That ruling examined the knowledge requirement under § 841(a)(1); Evans now claims he is innocent of the drug conviction under § 841(a)(1), because "the government failed to prove he knew that he possessed a controlled substance" as required by *McFadden*. Evans also stresses that relief under § 2255 is "inadequate or ineffective," partly because *McFadden* "announced a new statutory interpretation" rather than a new rule of constitutional law. (ECF No. 1, 5–8). Relief under § 2255 is also "inadequate or ineffective," because "settled law . . . squarely foreclosed his claim" at the time of his "trial sentencing, direct appeal, and first [§ 2255 petition]," all of which occurred before the *McFadden* ruling, he claims. (*Id.* 5).

## ANALYSIS

4

In general, defendants convicted in federal court "are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). However, a defendant may pursue habeas relief under § 2241 when § 2255 proves "inadequate or ineffective to test the legality of . . . detention" pursuant to the "savings clause" of § 2255. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997); § 2255(e).[4] The Fourth Circuit has clarified that § 2255 is "inadequate or ineffective" when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*See In re Jones,* 226 F.3d 328, 333–34 (4th Cir. 2000). Fourth Circuit cases "have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction," *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011), and have not "extended the reach of the savings clause to those petitioners challenging only their sentence," *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). That is, "*Jones* opened a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime." *U.S. v. Surratt*, 797 F.3d 240, 247 (4th Cir. 2015), *vacated as moot*, *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017).

Here, Evans may not proceed under § 2241, because there is nothing to indicate that

---

[4] A § 2241 petition may also be used to attack "the execution of a sentence." *In re Vial*, 115 F.3d at 1194 n.5.

*McFadden* changed the substantive law pertaining to his conviction such that the conduct of which he was convicted is now deemed not to be criminal. *McFadden* examined the Controlled Substance Analogue Enforcement Act of 1986 (Analogue Act), which "identifies a category of substances substantially similar to those listed on the federal controlled substance schedules and then instructs courts to treat those analogues, if intended for human consumption, as controlled substances listed on schedule I for purposes of federal law." 135 S. Ct. at 2302 (citation omitted). In particular, *McFadden* determined, on a direct appeal, the knowledge necessary for a conviction under § 841(a)(1) when the controlled substance at issue is an analogue – there, certain bath salts used to produce effects similar to those of cocaine, methamphetamine, and other controlled substances. *See id.* at 2303. The jury instruction presented to convict McFadden did not accurately convey the knowledge requirement, so the Supreme Court remanded to the Court of Appeals to determine whether the error was harmless. *Id.*

Here, by contrast, Evans was convicted by a jury of conspiracy to possess with intent to distribute cocaine – which, unlike the bath salts in *McFadden*, is not an analogue. There is no indication that *McFadden* changed the substantive law applicable to Evans such that the conduct for which Evans was convicted is now not deemed criminal. For that reason, Evans cannot satisfy the criteria outlined in *Jones* to invoke the savings clause under § 2255.

A § 2241 petition that challenges a federal conviction and sentence, such as Evans's filing, may be construed to be a § 2255 petition. Evans previously filed a § 2255 motion, which was dismissed on the merits by a Florida federal district court. The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that "[a] second or successive motion [under

---

However, that does not appear to be an issue in the present § 2241 petition.

Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Evans has provided no evidence that he has secured this necessary authorization from the Eleventh Circuit.[5] That circuit court must first enter an order authorizing the successive filing before Evans may proceed under § 2255. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).

The Eleventh Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The Clerk shall provide Evans the packet of instructions promulgated by the Eleventh Circuit, which addresses the procedure to be followed should Evans wish to seek authorization in the appellate court to file a successive § 2255 motion. It is to be emphasized that Evans must file the motion with the Eleventh Circuit and obtain authorization to file his successive motion.[6]

Evans has no absolute entitlement to appeal the dismissal of his § 2241 petition. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at §2253(c)(2). Evans "must

---

[5] On July 17, 2014, Evans filed an application for leave to file a second or successive § 2255 motion, which was denied by the United States Court of Appeals for the Eleventh Circuit. *See In re: Sherlon Evans*, CA No. 14-13217 (11th Cir. August 11, 2014).

[6] The Eleventh Circuit is located at the Elbert P. Tuttle Court of Appeals Building, 56 Forsyth Street, N.W., Atlanta, Georgia, 30303.

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335–36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)); *see also Buck v. Davis*, 137 S. Ct. 759, 773–74 (2017).

The court declines to issue a certificate of appealability because Evans has not made the requisite showing. A separate order follows dismissing the petition without prejudice and closing the case.

Date: July 25, 2017                    _____/S/_____
                                        Catherine C. Blake
                                        United States District Judge